UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAMON GUERRA-PEREZ, | ) | CASE NO. 4:08 CV 1411 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| HARLEY G. LAPPIN, <u>et</u> <u>al.</u>, | ) | |
| | ) | |
| Respondents. | ) | |

On June 11, 2008, <u>pro se</u> petitioner Ramon Guerra-Perez filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President John D. Ferguson, and Warden Joseph D. Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.) Mr. Guerra-Perez alleges that his segregation to a CCA facility based on national origin is a violation of his Fifth and Fourteenth Amendment rights under the Constitution, as well as 18 U.S.C. § 242 and 18 U.S.C. §

4001.¹  He seeks an order from this court declaring the contractual arrangement between CCA and the BOP null and void, immediately transferring him to a low security BOP facility and granting his request for "Near Release" transfer.

*Background*

Mr. Guerra-Perez was indicted in the United States District Court for Eastern District of Virginia. United States v. Guerra-Perez, No. 1:07CR0290-001 (E.D. Va. 1996).  He pleaded guilty to the charges and was sentenced to 70 months in prison on November 9, 2007.

The BOP classified petitioner as a low security custody level inmate. He was placed at N.E.O.C.C. to serve his federal sentence.  Petitioner states that he was advised that his transfer was prompted by his national origin and immigrant status.  Mr. Guerra-Perez claims that there is a contractual agreement between CCA and the BOP wherein immigrant prisoners with a low security classification are transferred to a CCA facility.  This arrangement, petitioner asserts, is a violation of the Fifth and Fourteenth Amendments of the Constitution because it impermissibly classifies prisoners based on national origin.

Mr. Guerra-Perez argues that he meets the regulatory definition of an "inmate," as that term is defined in 28 C.F.R. Part 500.1(c).²  As such, he claims he is entitled to be treated the same as all other similarly situated low security inmates. He claims that N.E.O.C.C. has more severe

---

[1] These statutes address criminal offenses which can be prosecuted only by the proper United States authorities and which do not permit private causes of action. See, e.g., Purk v. United States, 747 F. Supp. 1243 (S.D.Ohio 1989); Lovelace v. Whitney, 684 F. Supp. 1438 (N.D.Ill.1988).

[2] The regulation reads: "[i]nmate means all persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities, including persons charged with or convicted of offenses against the United States; D.C. Code felony offenders; and persons held as witnesses, detainees, or otherwise." 28 C.F.R. §500.1(c).

restrictions on the movement of inmates than a low security BOP facility. Prisoners for example are denied privileges such as possessing nail clippers and beard trimmers when housed at N.E.O.C.C. Thus, he concludes that treating low security inmates differently based on their national origin violates the Constitution.

*28 U.S.C. § 2241*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). It is clear from the remedy Mr. Guerra-Perez seeks, that he is neither challenging the length or duration of his confinement. Instead, it is the manner in which he is serving his sentence that he seeks to change. Specifically, he claims that his civil rights, pursuant to the Fifth and Fourteenth Amendments, are being violated by the respondents. It is through a civil rights action, however, that a prisoner may challenge the "conditions of ... confinement." Id. at 498-99; see Badea v. Cox, 931 F .2d 573, 574 (9th Cir.1991); Okoro v. Scibana, No. 99-1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15,1999)), cert dismissed, 530 U.S. 1227 (2000)

There is no dispute petitioner is complaining that the conditions under which he resides are a violation of the Fifth and Fourteenth Amendments, for which he seeks injunctive relief. Because habeas relief is designed to test the fact or duration of confinement, Thomas v. Eby, 481 F.3d 434, 438 (6th Cir.2007), this court cannot grant the relief petitioner seeks pursuant to 28 U.S.C. § 2241. To the extent petitioner seeks relief other than release, the appropriate action would be to file a civil rights complaint. Id.

Based on the foregoing, petitioner's Motion to Proceed In Forma Pauperis [ECF #3] is granted the petition is denied pursuant 28 U.S.C. § 2243. Further, the court certifies that an

appeal from this decision could not be taken in good faith.[3]

        IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

---

[3]    28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."